UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-08219 DMG (Ex)** | Date | October 1, 2012 |
| Title | *Colfin A1 CA 5 LLC v. Donald E Hall, et al.* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 23, 2012, Plaintiff Colfin A1 CA 5,[1] LLC filed a complaint for unlawful detainer in Los Angeles County Superior Court against Defendant Donald E. Hall.  On September 24, 2012, the Defendant removed the action to this Court on the basis of federal question jurisdiction.

Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case "arises under" federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)) (internal quotation marks omitted).  Plaintiff's claims, however, do not appear to arise under federal law.  Additionally, it is "settled law that a case may not be removed to federal court on the basis of a federal defense."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).  Thus, there appears to be no federal question jurisdiction.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to

---

[1] Although the Notice of Removal identifies Plaintiff as "Colfin A1 CA 4" in the caption, the underlying complaint indicates that Plaintiff is, in fact, "Colfin A1 CA 5."  The Court therefore uses Plaintiff's name as it appears in the underlying complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-08219 DMG (Ex)** | Date | October 1, 2012 |
| Title | *Colfin A1 CA 5 LLC v. Donald E Hall, et al.* | Page | 2 of 2 |

the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

      Therefore, Defendant is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendant shall file his response by no later than **October 8, 2012**. **Failure to timely file a satisfactory response will result in the remand of this action.**

**IT IS SO ORDERED.**

CV-90        **CIVIL MINUTES—GENERAL**        Initials of Deputy Clerk vv